UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1461 JGB (SHKx)** | Date | October 25, 2024 |
|---|---|---|---|
| Title | *Alejandra Cardona Sandoval v. Toyota Motor Credit Corporation, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause re Dismissal for Failure to Prosecute
(IN CHAMBERS)

On July 12, 2024, Plaintiff Alejandra Cardona Sandoval ("Plaintiff" or "Sandoval") filed a complaint against Defendants Toyota Motor Credit Corporation ("Toyota") and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges two causes of action against Defendants: (1) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. and (2) violation of California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. (See id.)

On September 16, 2024, Sandoval filed a notice of settlement between Plaintiff and Defendant Toyota. (Dkt. No. 14.) On October 21, 2024, Plaintiff filed a notice of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) as to Defendant Toyota. (Dkt. No. 16.) Accordingly, Defendant Experian is the only remaining defendant.

On July 26, 2024, Defendant Experian was served with the summons and Complaint. ("Experian Proof of Service," Dkt. No. 15.) As such, Defendant Experian's responsive pleading was due on August 16, 2024. (See id.); Fed R. Civ. P. 12(a)(1). To date, Defendant Experian has not filed a responsive pleading to the Complaint. Sandoval has also not filed a request for entry of default as to Defendant Experian.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).  Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States).  Fed R. Civ. P. 12(a)(1).

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because she has failed to request an entry of default as to Defendant Experian for over two months.

Accordingly, the Court **ORDERS** Plaintiff, **on or before November 8, 2024**, to request an entry of default as to Defendant Experian or to show cause in writing as to why she has not requested an entry of default.  Failure to comply with this order may result in dismissal of the action.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**